NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELSA DEL CARMEN
BOLANOS; OSCAR EDUARDO
HERNANDEZ BOLANOS,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-2438

Agency Nos.
A208-173-098
A208-713-099

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 6, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Elsa Del Carmen Bolanos and her minor son, Oscar Eduardo Hernandez

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bolanos[1] (collectively, "Petitioners"), natives and citizens of El Salvador, seek review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review the agency's factual findings for substantial evidence and must uphold them unless the evidence compels a contrary conclusion. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). We deny the petition.

1.      Substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus between any past or feared harm and a protected ground. The BIA affirmed the IJ's finding that Petitioners were victims of general criminality and targeted for pecuniary gain, not because of their membership in their proposed particular social groups ("PSGs") or any other protected ground. The record does not compel a contrary conclusion. Bolanos testified that the gang began extorting her father-in-law, Jose Heraldo Hernandez, for recurring "quota" payments in 2012 and that gang members targeted Petitioners only after Jose failed to make one of

---

[1]      Oscar is a derivative beneficiary on Bolanos's application. He also filed his own separate application.

these payments, demanding that Bolanos pay in Jose's place.  Bolanos also testified that the gang has not threatened Petitioners or any other family members since Jose resumed making his quota payments. She further testified that the gang wanted to recruit "[Oscar] for the gang and to be able to extort other people."  These actions are consistent with the gang's desire to enrich itself and to increase its ranks, and bear "no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2.    Substantial evidence also supports the agency's determination that Petitioners did not establish eligibility for CAT relief.  Those seeking CAT protection must show that it is more likely than not that they will be tortured by or with the acquiescence of a public official in their native country.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017).  The BIA affirmed the IJ's finding that Petitioners had not demonstrated past torture, "ordinarily the principal factor" in assessing whether an applicant is likely to experience future torture.  *Nuru v. Gonzales*, 404 F.3d 1207, 1218 (9th Cir. 2005).  And although Petitioners argue that the Salvadoran government and police have failed to combat gang violence, "a government does not acquiesce in the torture of its citizens merely because it is aware of torture but powerless to stop it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) (quotation marks and alterations omitted).  Bolanos also

testified that the Salvadoran police offered to help her and her son after she filed a report.

3.    Finally, Petitioners contend that this case should be remanded based on the vacatur of *Matter of A-B-*, I. & N. Dec. 213 (A.G. 2018) and *Matter of L-E-A*, 27 I&N Dec. 581 (A.G. 2019), both cited in the IJ's decision. But the IJ cited *Matter of A-B-* only to support the legal standard for establishing "nexus," and relied upon *Matter of L-E-A* in rejecting Petitioners' proposed family-based PSG on the merits. When reviewing BIA decisions, "we consider only the grounds relied upon by [the] agency." *Garcia*, 988 F.3d at 1142. The BIA assumed without deciding that Petitioners' PSGs were cognizable and determined that they had not established a nexus between the alleged harm and a protected ground. The BIA's nexus determination was thus an independent basis for the denial of relief.

**PETITION DENIED.**[2]

---

[2]    Petitioners' Motion to Stay Removal (Dkt. No. 7) is denied as moot. The temporary stay (Dkt. No. 11) will dissolve when the mandate issues.